DAN SIEGEL, SBN 56400
JANE BRUNER, SBN 135422
SIEGEL & YEE
499 14th Street, Suite 220
Oakland, California 94612
Telephone: (510) 839-1200
Telefax: (510) 444-6698

Attorneys for Plaintiff
MOHAMED E. FAYAD

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MOHAMED E. FAYAD,

    Plaintiff,

v.

BOARD OF TRUSTEES OF THE
CALIFORNIA STATE UNIVERSITY,

    Defendant.

No. C07-03209

VERIFIED COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

Demand for Jury Trial

(Employment)

Comes now Plaintiff MOHAMED E. FAYAD and alleges the following:

PRELIMINARY STATEMENT

1. Mohamed Fayad, a professor at the California State University, San Jose (CSU), Department of Computer Engineering, College of Engineering (Department), brings this action for damages and injunctive relief for discrimination based upon his national origin and religion. Fayad is

1

an internationally renowned scientist and an experienced specialist in software development. Despite his high scores for teaching and his excellent research experience, CSU, in his fifth year review, denied Fayad tenure because of his national origin and religion. Fayad brings this action to redress the University's unlawful denial of tenure and demotion and seeks injunctive relief to compel his promotion to tenure, as well as compensatory and general damages.

## JURISDICTION

2.    This action arises under the Civil Rights Act of 1964, Title 42, United States Code §§2000e through 2000e 17, as amended in particular by § 20002-2(a).

3.    Plaintiff Fayad is a bona-fide resident of the State of California. Defendant, Board of Trustees of California State University (CSU) was and is a state public entity that owns and operates the University. The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

4.    The state law claims asserted in this action are so related to the claims within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

5.    Venue is proper in the Northern District of California because a substantial part of the events or omissions giving rise to the claim occurred in this District.

6.    Venue is proper in the Northern District of California because CSU employs Fayad in the District.

## PARTIES

7.    At all times relevant hereto, plaintiff MOHAMED E. FAYAD was a professor in the Department of Computer Engineering, College of Engineering, at San Jose State University and a

2

Fayad v. California State University
Verified Complaint

resident of the County of Santa Clara, State of California. Fayad is of Egyptian national origin and is of the Muslim religion.

STATEMENT OF FACTS

8. Fayad has an outstanding record of scholarly work with a sound publication record. He has published over a hundred articles and four books, of which three are translated into Chinese.

9. Fayad received his Bachelor of Science degree from the University of Cairo in 1972. He received his Masters in Computer Science from The University of Minnesota in June 1993. He received his Ph.D. at the University of Minnesota in June 1994.

10. From February 1988 to June 1989, Fayad worked as a Research Assistant in the Computer Science Department at the University of Minnesota. From June 1989 to December 1992, Fayad worked as Principal, Specialist Engineering, at McDonnell Douglas Corporation in St. Louis, Missouri. From January 1993 to July 1995 he also worked as Vice President of Research and New Business Development and Founder of Object Technologies in St. Louis, Missouri. From August 1995 to August 1999, he was employed as an Associate Professor at the College of Engineering at the University of Nevada, Reno, Nevada. From August 1999 to August 2002, he was the J.D. Edwards Professor, and he also was an Associate Professor in the Computer Science & Engineering Department at the University of Nebraska, Lincoln Nebraska

11. Fayad joined the faculty at CSU in 2002 as a Professor in the Department of Computer Engineering. Because he served as an Associate Professor at the University of Nebraska for four years before coming to CSU, Fayad received two years of credit toward his tenure review at CSU.

12. In 2003 Belle W. Y. Wei, the Dean of College of Engineering, at CSU, wrote that Fayad's outstanding scholarly work had enhanced the college's reputation. Fayad is a well known specialist for his research in software development.

3

Fayad v. California State University
Verified Complaint

13. Fayad's promotion to tenure in 2004 was strongly supported by several professors in his department.

14. Fayad clearly met CSU standards for a tenured position. Under normal circumstances Fayad's scholarly work and teaching record at CSU would have virtually guaranteed that he would be promoted to tenure.

15. On November 5, 2004, the Retention, Tenure and Promotion Committee at CSU recommended that Fayad be denied promotion to tenure and that he be terminated

16. As a result of the Committee's decision, the Provost at CSU denied Fayad's promotion to tenure in May 2005.

17. Fayad was demoted to Lecturer rank in August 2006. He was then appointed as a part-time professor for the period of August 2006 to present.

18. On information and belief, CSU's decisions to deny him tenure and to demote him were based at least in part on his Egyptian national origin and Muslim religion.

19. On February 20, 2007, Fayad filed a charge of discrimination against CSU with the United States Equal Employment Opportunity Commission (EEOC).

20. On April 4, 2007, the EEOC issued FAYAD a Notice of Right to Sue.

FIRST CLAIM FOR RELIEF – DISCRIMINATION BASED ON NATIONAL ORIGIN

(42 U.S. C. § 2000e-2(a))

21. Fayad refers to and incorporates by reference paragraphs 1-20 above as though fully set forth herein.

22. By virtue of the foregoing, CSU denied Fayad tenure based upon the unlawful consideration of his national origin in violation of Title VII of the Civil Rights Act of 1964, as amended.

4

Fayad v. California State University
Verified Complaint

## SECOND CLAIM FOR RELIEF – DISCRIMINATION BASED ON RELIGION

(42 U.S.C. § 2000e-2(a))

23.  Fayad refers to and incorporates by reference paragraphs 1-22 above as though fully set forth herein.

24.  By virtue of the foregoing, CSU denied Fayad tenure based upon the unlawful consideration of his religion in violation of Title VII of the Civil Rights Act of 1964, as amended.

## THIRD CLAIM FOR RELIEF – DISCRIMINATION BASED ON NATIONAL ORIGIN

(Government Code § 12940)

25.  Fayad refers to and incorporates by reference paragraphs 1-24 above as though fully set forth herein.

26.  By virtue of the foregoing, CSU denied Fayad tenure based upon the unlawful consideration of his national origin, in violation of California Government Code § 12940.

27.  On February 13, 2007, as amended on February 26, 2007, Fayad timely filed a complaint regarding the matters alleged above with the California Department of Fair Employment and Housing.

28.  On March 2, 2007, the California Department of Fair Employment and Housing issued to Fayad a Notice of Case Closure and Right to Sue with respect to the complaint filed herein.

## FOURTH CLAIM FOR RELIEF – DISCRIMINATION BASED ON RELIGON

(Government Code § 12940)

29.  Fayad refers to and incorporates by reference paragraphs 1-28 above as though fully set forth herein.

30.  By virtue of the foregoing, CSU denied Fayad tenure based upon the unlawful consideration of his religion, in violation of California Government Code § 12940.

5

Fayad v. California State University
Verified Complaint

31. On February 13, 2007, as amended on February 26, 2007, Fayad timely filed a complaint regarding the matters alleged above with the California Department of Fair Employment and Housing.

32. On March 2, 2007, The California Department of Fair Employment and Housing issued to Fayad a Notice of Case Closure and Right to Sue with respect to the complaint filed herein.

### FIFTH CLAIM FOR RELIEF-FRAUD

33. Fayad refers to and incorporates by reference paragraphs 1-32 above as though fully set forth herein.

34. CSU induced Fayad, who was not then an employee of CSU, to move from Lincoln, Nebraska, to San Jose to accept a position that would ultimately lead to tenure assuming that he performed his teaching duties and engaged in scholarship as expected by CSU pursuant to its policies. CSU failed to disclose to Fayad that, regardless of his qualifications and satisfaction of the requirements of University policy, he would likely never obtain tenure.

35. By virtue of the foregoing CSU failed to disclose to Fayad the existence of secret, *de facto* requirements for promotion to tenure at CSU and thereby made knowingly false representations concerning the character of and compensation for Fayad's position at CSU.

### DAMAGES

36. As a result of the actions of defendant CSU and its agents and employees, Fayad has been injured and has suffered damages as follows:

   a. He has lost compensation to which he would otherwise been entitled;
   b. He is likely to lose compensation to which he would otherwise be entitled in the future;
   c. He has suffered from emotional distress, embarrassment and humiliation;

6

Fayad v. California State University
Verified Complaint

    d.  His reputation in the scientific community has been damaged; and

    e.  His prospects for future employment and career advancement have been diminished.

WHEREFORE, plaintiff MOHAMED E. FAYAD requests that this Court grant him relief as follows:

(1) Damages for lost wages, earnings, and benefits according to proof;

(2) Interest on damages at the prevailing legal rate;

(3) Compensatory damages for humiliation, mental anguish and emotional distress;

(4) Double damages pursuant to Labor Code Section 972;

(5) Injunctive relief to redress the wrongs alleged herein;

(6) Attorneys' fees;

(7) Costs of suit; and

(8) Such other and further relief as the Court may deem proper.

DEMAND FOR JURY TRIAL

Plaintiff FAYAD hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: May 23, 2007

                SIEGEL & YEE

                By _____
                      Jane Brunner

                Attorneys for Plaintiff
                MOHAMED E. FAYAD

7

## VERIFICATION

I, MOHAMED E. FAYAD, declare as follows:

I am the Plaintiff in the above-entitled case. I have read the foregoing complaint and know the contents thereof. The same is true except where its allegations are stated on information and belief, and as to such matters I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on the 1st day of June 2007, at Palo Alto, California.

_____
Mohamed E. Fayad

8

Fayad v. California State University
Verified Complaint