1  MICHAEL T. LUCEY (99927)
   MICHAEL A. LAURENSON (190023)
2  GORDON & REES LLP
   Embarcadero Center West
3  275 Battery Street, Suite 2000
   San Francisco, CA  94111
4  Telephone:  (415) 986-5900
   Facsimile:  (415) 986-8054
5
   Attorneys for Defendant
6  BOARD OF TRUSTEES OF THE
   CALIFORNIA STATE UNIVERSITY
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10 | MOHAMED FAYAD,                          | CASE NO. C07-03209 (HRL)
11 |                    Plaintiff,           | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CSU'S MOTION TO DISMISS, FRCP 12(b)(1)(6)**
12 |          vs.                            |
13 | BOARD OF TRUSTEES OF THE CALIFORNIA     |
   | STATE UNIVERSITY,                       | Date:       September 11, 2007
14 |                                         | Courtroom:  2, 5th Fl., San Jose
   |                    Defendant.           | Time:       10:00 a.m.
15 |                                         | Judge:      Hon. Howard R. Lloyd

## I. INTRODUCTION

In May 2005, plaintiff MOHAMED E. FAYAD was denied tenure in the Department of Computer Engineering at the San Jose State University campus of Defendant BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY (hereinafter "CSU").  In this lawsuit, plaintiff claims that the decision to deny him tenure was improperly based on his national origin (Egyptian) and religion (Muslim) in violation of federal and state law.  His federal claims must be dismissed because they are untimely, and his state claims must be dismissed on the ground of sovereign immunity under the Eleventh Amendment.

## II. FACTS AS ALLEGED IN THE COMPLAINT

### A. Facts Relating to Plaintiff's Employment

Plaintiff joined the faculty at CSU's San Jose State University campus in 2002 as a Professor in the Department of Computer Engineering. Complaint, ¶ 11. He was given two years credit towards tenure based on his work at another university. *Ibid.* He came up for tenure in 2004, and, on November 5, 2004, the Retention, Tenure and Promotion Committee recommended that plaintiff be denied tenure and terminated. *Id.* at ¶ 15. The Provost accepted that recommendation and denied tenure in May 2005. *Id.* at ¶ 16. Plaintiff was appointed as a "part-time professor" for the period from August 2006 to the present. *Id.* at ¶ 17.

### B. Facts Relating to Plaintiff's Exhaustion of His Administrative Remedies

Plaintiff filed a charge of discrimination with the EEOC on February 20, 2007. *Id.* at ¶ 19. He received a right-to-sue letter from the EEOC on April 4, 2007. *Id.* at ¶ 20.

## III. PROCEDURAL POSTURE

Plaintiff filed the instant complaint in this Court on June 19, 2007. The Complaint alleges five causes of action: national origin and religious discrimination in violation of Title VII; national origin and religious discrimination in violation of FEHA; and fraud. The discrimination claims are all based on the decision to deny tenure. *See* Complaint at ¶¶ 22, 24, 26 and 30. The fraud claim is based on the allegation that CSU induced plaintiff to move from Nebraska on the false promise of tenure. *Id.* at ¶ 34.

## IV. LEGAL ARGUMENT

### A. Plaintiff's Title VII Claims Are Untimely

"Title VII actions cannot proceed in federal court unless a charge of discrimination has first been filed with the EEOC." *E.E.O.C. v. Dinuba Med. Clinic*, 222 F.3d 580, 585 (9th Cir. 2000)(citing *Delaware State College v. Ricks*, 449 U.S. 250, 256 (1980)). "Although ordinarily the administrative charge must be filed within 180 days of the alleged unlawful employment practice, the deadline is extended to 300 days if the charge is initially filed with a state agency that enforces its own anti-discrimination laws" *Ibid.*

In *Ricks*, the United States Supreme Court held that, in tenure cases, this limitations period begins to run "when the tenure decision was made and [the professor] was notified." *Id.* at 259. "That is so even though one of the effects of the denial of tenure – the eventual loss of a teaching position – did not occur until later." *Id.* at 258.

This is a denial of tenure case. Complaint at ¶¶ 22, 24. Here, plaintiff alleges that he was notified of the decision to deny him tenure on or about May 2005. Complaint at ¶ 16. However, he alleges that he did not file a complaint with the EEOC until February 20, 2007 (*id.* at ¶ 19), a minimum of six hundred and thirty (630) days later. Accordingly, plaintiff's Title VII claims are untimely and must be dismissed.

**B.    Plaintiff's State Claims Are Barred By the Eleventh Amendment**

Under the Eleventh Amendment to the United States Constitution, an unconsenting State is immune from suits brought in federal courts by its own citizens as well as by citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Congress may, under certain circumstances, abrogate the states' immunity from suit under federal statutes. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996).

Defendant CSU is an instrumentality of the State of California. *Jackson v. Hayakawa*, 682 F.2d 1344, 1349-50 (9th Cir.1982). Thus, CSU is entitled to Eleventh Amendment immunity. *Ibid*. The Eleventh Amendment applies to state law claims filed in federal court. California has not waived its immunity to FEHA actions in federal court. *Freeman v. Oakland Unified School Dist.*, 179 F.3d 846, 847 (9th Cir. 1999).

The only claims asserted by plaintiff against defendant CSU for which Congress has abrogated Eleventh Amendment immunity are plaintiff's first and second causes of action under Title VII. *See Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976). All the remaining claims that plaintiff alleges against defendant CSU – his third and fourth cause of action under FEHA and his fifth cause of action for fraud – are subject to Eleventh Amendment immunity and must be dismissed.

1

## V. CONCLUSION

2   Plaintiff's Title VII claims are untimely, and his state law claims are barred by the

3   Eleventh Amendment. As such, this motion to dismiss must be granted and plaintiff's lawsuit

4   dismissed.

5   Dated: July 18, 2007

GORDON & REES, LLP

By: _____
MICHAEL LAURENSON
Attorneys for Defendant
BOARD OF TRUSTEES OF THE
CALIFORNIA STATE UNIVERSITY