1  MICHAEL T. LUCEY (SBN: 99927)
   MICHAEL A. LAURENSON (SBN: 190023)
2  GORDON & REES LLP
   Embarcadero Center West
3  275 Battery Street, Suite 2000
   San Francisco, CA 94111
4  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
5
   Attorneys for Defendant
6  BOARD OF TRUSTEES OF THE
   CALIFORNIA STATE UNIVERSITY
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10 MOHAMED FAYAD,                    )  CASE NO. C07-03209 HRL
                                     )
11         Plaintiff,                )  **DEFENDANT'S ANSWER TO**
                                     )  **PLAINTIFF'S SECOND AMENDED**
12     vs.                           )  **COMPLAINT/JURY RESERVED**
                                     )
13 BOARD OF TRUSTEES OF THE          )
   CALIFORNIA STATE UNIVERSITY,      )
14                                   )
           Defendant.                )
15                                   )

16
       COMES NOW Defendant BOARD OF TRUSTEES OF THE CALIFORNIA STATE
17
   UNIVERSITY, by and through its counsel, and answers Plaintiff MOHAMED FAYAD's
18
   Second Amended Complaint as follows:
19
       1.   Defendant admits the allegations in this paragraph.
20
       2.   Defendant admits the allegations in this paragraph.
21
       3.   Defendant has insufficient information to admit or deny the allegations in this
22
   paragraph and on that basis denies them.
23
       4.   Defendant admits the allegations in this paragraph.
24
       5.   Defendant admits the allegations in this paragraph.
25
       6.   Defendant admits the allegations in this paragraph concerning plaintiff's
26
   employment status with Defendant. Except as expressly admitted, Defendant has insufficient
27
   information to admit or deny the allegations in this paragraph and on that basis denies them.
28

-1-
ANSWER TO SAC - CASE NO. C07-03209 HRL

1    7.    Defendant admits the allegations in this paragraph.

2    8.    Defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

3

4    9.    Defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

5

6    10.    Defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

7

8    11.    Defendant admits the allegations in this paragraph.

9    12.    Defendant admits only the contents of the documents referred to in this paragraph. Except as expressly admitted, Defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

10

11

12    13.    Defendant admits only what is contained in the tenure review file. Except as expressly admitted, Defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

13

14

15    14.    Defendant denies the allegations in this paragraph.

16    15.    Defendant admits the allegations in this paragraph.

17    16.    Defendant admits the allegations in this paragraph.

18    17.    Defendant denies that plaintiff was "demoted." Following the tenure denial, Plaintiff served out his terminal year, after which he had no right to further employment. He was then given a new temporary appointment as a part-time lecturer.

19

20

21    18.    Defendant denies the allegations in this paragraph.

22    19.    Defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

23

24    20.    Defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

25

26    <u>FIRST CAUSE OF ACTION</u>

27    21.    Defendant refers to and incorporates by reference its answer to paragraph 1-20 above.

28

1   22.   Defendant denies the allegations in this paragraph.

## SECOND CAUSE OF ACTION

23.   Defendant refers to and incorporates by reference its answer to paragraph 1-22 above.

24.   Defendant denies the allegations in this paragraph.

## DAMAGES

25.   Defendant denies the allegations in this paragraph.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that said complaint and each of the purported causes of action or claims for relief set forth therein fail to state facts sufficient to constitute a cause of action against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that said complaint is barred by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that, by reason of prior administrative adjudications, Plaintiff is barred from proceeding with this action according to the principles of collateral estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that plaintiff has failed to timely and fully exhaust his administrative remedies as required by law.

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that by reason of his own actions, Plaintiff is estopped from proceeding with this claim.

### SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims may not be maintained to the extent they exceed or differ from the allegations of an administrative charge filed with the appropriate administrative agency.

SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that said complaint is barred by the doctrine of laches.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendant reserves the right to allege other affirmative defenses as they may arise during the course of discovery. Defendant further asserts that it is entitled to various privileges, immunities, and affirmative defenses as the same are set forth in the case law and statutes of the State of California. The full nature and extent of such privileges, immunities and affirmative defenses applicable hereto are presently unknown to this answering defendant and therefore, defendant reserves the right to amend this answer when the same have become fully ascertained and known.

WHEREFORE, Defendant prays for judgment as follows:

1. That this action be dismissed in its entirety, with prejudice;
2. That judgment be entered in favor of Defendant and against Plaintiff;
3. That Defendant be awarded its costs of suit and attorneys' fees incurred herein;
4. For such and other further relief as this Court may deem just and proper.

JURY TRIAL RESERVATION

Defendant hereby reserves its right to a jury trial.

Dated:   September 12, 2007                    GORDON & REES, LLP


By:   /s/  Michael A. Laurenson
Michael A. Laurenson
Attorneys for Defendant
BOARD OF TRUSTEES OF THE
CALIFORNIA STATE UNIVERSITY

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

CSU/1046288/5100413v.1

-4-
ANSWER TO SAC - CASE NO. C07-03209 HRL